UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YVONNE FROST,

                           Plaintiff,

             -against-

CITY OF NEW YORK (HRA),

                         Defendants.

19-CV-8909 (CM)

ORDER OF DISMISSAL

COLLEEN MCMAHON, Chief United States District Judge:

      Plaintiff Yvonne Frost brings this action alleging that Defendants violated her rights. By order dated November 1, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth below, the Court dismisses the complaint.

**STANDARD OF REVIEW**

      The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff drafted this complaint using the general complaint form provided by this Court. She states the following:

> You listening Yvonne is not the man on the outside is the man in. Via vision that whats I heard. Can I have your hand-out I heard another man said. Those people are crazy but that means nothing to them – it's like the wind. I further heard.
>
> You took the never house and gave me the older one. I am not accepting it. In addition I was shown the house is cheap and overpriced. On the other hand the one you took is underpriced. Jesus said 'Yvonne .50cts for that house?' You don't get a house. It's my money. The new house is mines.

ECF No. 2, at 5 (errors in original).

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses this action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.[1]

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: November 5, 2019
        New York, New York

COLLEEN McMAHON
Chief United States District Judge

---

[1] Because of Plaintiff's vexatious and frivolous litigation history, in two separate actions, the Court ordered her to submit declarations showing cause why she should not be barred from filing any further actions in this Court IFP without first obtaining permission from this Court to file her complaint.[1] *See Frost v. City of New York (HRA)*, ECF 1:19-CV-9001, 4 (S.D.N.Y. Oct. 11, 2019); *Frost v. City of New York (HRA)*, ECF 1:19-CV-8936, 4 (S.D.N.Y. Oct. 22, 2019). Plaintiff filed this action on September 25, 2019, before the Court issued these orders.